UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KIMERA CHISOLM and DARRYL HOLLY,

                    Plaintiffs,      COMPLAINT AND
                                          JURY TRIAL DEMAND

           -against-

DUANE READE INC.,



                    Defendant.
-----------------------------------------------------------x

      Plaintiffs, KIMERA CHISOLM and DARRYL HOLLY, by their attorney, ALAN D. LEVINE, ESQ., as and for their complaint against the defendant, DUANE READE INC., hereby allege as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to the provisions 42 U.S.C. §§1981, 1982 and 1988 and the thirteenth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

    4.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

    5.    Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, KIMERA CHISOLM, was and is a natural person, resident in the County of Atlantic, State of New Jersey.

7. At all times relevant hereto, plaintiff, DARRYL HOLLY, was and is a natural person, resident in the County of Atlantic, State of New Jersey.

8. At all times relevant hereto, defendant, DUANE READE INC., was and is a foreign corporation authorized to business in the State of New York, with its principal office for the conduct of business located in the County, City and State New York.

9. At all times relevant hereto, defendant maintained and operated a retail establishment, open to the public, at 900 Eighth Avenue, County, City and State of New York (hereinafter "subject premises").

## AS AND FOR A CAUSE OF ACTION

10. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "9" hereinabove as if more fully set forth at length herein.

11. Plaintiffs are African American.

12. On or about December 12, 2007, at approximately 8:10 P.M., plaintiffs, accompanied by a third person named John Duffy, who is not a party to this action, entered the subject premises.

13. At the aforementioned time and place, plaintiff HOLLY purchased Benadryl.

14. Plaintiffs and Mr. Duffy left the subject premises.

15. At approximately 8:14 P.M., plaintiff CHISOLM re-entered the store and obtained a package of Icy Hot Rub and a bottle of Mountain Dew.

16. Plaintiff CHISOLM went to the counter to pay for the aforementioned purchases.

17. Plaintiff CHISOLM paid for the aforementioned items and began to leave the subject premises.

18. As her purchase was being rung up, plaintiff CHISOLM observed two New York City police officers enter the subject premises.

19. Plaintiff CHISOLM asked the cashier who was ringing up her purchases, a male named "Melvin," what was transpiring and was informed that someone had been apprehended while shoplifting.

20. Plaintiff CHISOLM paid for the two aforementioned items and began walking out of the subject premises.

21. As she was leaving the subject premises, plaintiff CHISOLM observed a black female being held in police custody.

22. As plaintiff CHISOLM was exiting the premises, plaintiff HOLLY walked in and asked her what was taking her so long.

23. Plaintiff HOLLY mentioned to one of the aforementioned police officers that he was coming into the store to get plaintiff CHISOLM.

24. At this point, one of the police officers, an African American male, told plaintiffs to stop where they were.

25. The aforementioned police officer proceeded to ask an agent, servant or employee of defendant, employed as the store's manager, if he recognized anyone who looked like the shoplifter.

26. The manager pointed to plaintiff CHISOLM and identified her as the shoplifter.

27. Upon being asked to repeat his identification by one of the officers, the aforementioned manager did so.

28. Consequently, plaintiff CHISOLM was told to place her hands behind her back.

29. She complied and was handcuffed by one of the officers.

30. Despite her protestations to the manager that she and plaintiff HOLLY had been in the premises for legitimate reasons, which included her pointing out that plaintiff HOLLY was clearly suffering from a skin allergy that required Benadryl, the aforementioned manager pointed to plaintiff HOLLY and stated that he and plaintiff CHISOLM had been working in concert to steal items from the subject premises.

31. Based upon the manager's statement, plaintiff HOLLY also was handcuffed by one of the officers.

32. In the meantime, the woman that had been placed under arrest remained handcuffed. She informed the police officers that neither plaintiff CHISOLM nor plaintiff HOLLY had anything to do with her and insisted that she did not know them.

33. The aforementioned African American police officer and a New York City police detective reviewed the store's surveillance tape and, after some original uncertainty, stated that plaintiff CHISOLM had not shoplifted any items from the subject premises.

34. Both plaintiffs were released from their handcuffs and were permitted to leave the subject premises.

35. The entire incident had taken approximately one hour.

36. During the course of the incident, plaintiffs were kept in a public portion of the store while customers went back and forth, able to observe them.

37. The aforementioned accusations made against plaintiffs were false and were without any basis whatsoever.

38. Defendant, and its aforementioned agent, servant or employee, had no reasonable basis whatsoever to believe that either plaintiff was guilty of committing any crime against defendant.

39. Defendant, its agent, servant or employee, never had either plaintiff arrested or prosecuted for any crime.

40. The aforementioned acts of defendant, through its aforementioned agent, servant or employee, were committed with the intent to, and had the result of, discriminating against plaintiffs because they are African Americans.

41. Defendant, its agent, servant or employee, intentionally deprived plaintiffs of the rights guaranteed to them by 42 USC § 1981 and 1982 and the thirteenth and fourteenth amendments to the Constitution of The United States, which rights, under similar circumstances, would have been accorded to persons of the white race.

42. As a result of the aforesaid actions of defendant, taken through its agent, servant or employee, plaintiffs suffered great mental anguish, public humiliation and embarrassment.

43. As a result of the aforesaid actions of defendant, taken by its agent, servant or employee, each plaintiff has been damaged in the amount of One Hundred

Thousand ($100,000.00) Dollars and seeks an additional One Hundred Thousand ($100,000.00) Dollars as punitive damages.

WHEREFORE, plaintiffs, KIMERA CHISOLM and DARRYL HOLLY, demand judgment against defendant, DUANE READE INC., in the amount of One Hundred Thousand ($100,000.00) Dollars each and demand an additional One Hundred Thousand ($100,000.00) Dollars each as punitive damages.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. § 1988.

Dated: Kew Gardens, New York
       March 18, 2008

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File No: 2091