UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
KIMERA CHISOLM and DARRYL HOLLY,

               Plaintiffs,

        -against-

DUANE READE INC.,

              Defendant.
----------------------------------------X

**ANSWER**

**DOCKET NUMBER:
08 CV 2925 (RMB)**

**DEFENDANT DEMANDS
TRIAL BY JURY**

      Defendant, by its attorneys, CHESNEY & MURPHY, LLP, answers the Complaint of the plaintiffs upon information and belief as follows:

### AS TO JURISDICTION

      1.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "1", "2", and "3", and refers all questions of law and fact to this Honorable Court.

### AS TO VENUE

      2.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "4", and refers all questions of law and fact to this Honorable Court.

### AS TO JURY TRIAL DEMAND

      3.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "5", and refers all questions of law and fact to this Honorable Court.

**AS TO PARTIES**

4.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "6" and "7".

5.    Denies each and every allegation contained in the paragraph of the Complaint designated as "8", except admits that  at all times relevant hereto, defendant, DUANE READE, INC., was and is a foreign corporation authorized to do business in the State of New York, and refers all questions of law and fact to this Honorable Court.

6.    Denies each and every allegation contained in the paragraph of the Complaint designated as "9", except admits that  at all times relevant hereto, DUANE READE operated a retail establishment, open to the public, at 900 Eighth Avenue, County, City and State of New York (hereinafter "subject premises"), and refers all questions of law and fact to this Honorable Court.

**AS TO THE FIRST CAUSE OF ACTION**

7.    Repeats and reiterates each and every denial contained in the paragraphs of this Answer and numbered "1", "2", "3", "4", "5", and "6" to each and every allegation contained in the paragraph of the Complaint designated as "10".

8.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "11", "12", "13", "14",

2

"15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", and "39".

       9.   Denies each and every allegation contained in the paragraphs of the Complaint designated as "37", "38", "40", "41", "42", and "43".

           **AS AND FOR A FIRST, SEPARATE, DISTINCT**
           **AND COMPLETE AFFIRMATIVE DEFENSE,**
           **THE ANSWERING DEFENDANT ALLEGES:**

       That the negligence, fault and culpable conduct of the plaintiff herein caused the incident in which the plaintiff was allegedly injured and/or the alleged injuries, if any, resulting therefrom.

           **AS AND FOR A SECOND, SEPARATE, DISTINCT**
           **AND COMPLETE AFFIRMATIVE DEFENSE,**
           **THE ANSWERING DEFENDANT ALLEGES:**

       That the plaintiffs have failed to mitigate and/or reduce their damages and losses, if any, as alleged in the Complaint.

           **AS AND FOR A THIRD, SEPARATE, DISTINCT**
           **AND COMPLETE AFFIRMATIVE DEFENSE,**
           **THE ANSWERING DEFENDANT ALLEGES:**

       That the parties are entitled to the protection of Article 50B.

           **AS AND FOR A FOURTH, SEPARATE, DISTINCT**
           **AND COMPLETE AFFIRMATIVE DEFENSE,**
           **THE ANSWERING DEFENDANT ALLEGES:**

That any damages awarded to plaintiffs must be reduced by

the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

**AS AND FOR A FIFTH, SEPARATE, DISTINCT**
**AND COMPLETE AFFIRMATIVE DEFENSE,**
**THE ANSWERING DEFENDANT ALLEGES:**

That the Complaint herein fails to state a cause of action against the defendant.

**AS AND FOR A SIXTH, SEPARATE, DISTINCT**
**AND COMPLETE AFFIRMATIVE DEFENSE,**
**THE ANSWERING DEFENDANT ALLEGES:**

That in the event the plaintiffs recover any judgment against this defendant, then this defendant demands that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly, Section 1601 thereof; and also if there is any such judgment that it be limited to this answering defendant's equitable share of any total liability.

**AS AND FOR A SEVENTH, SEPARATE, DISTINCT**
**AND COMPLETE AFFIRMATIVE DEFENSE,**
**THE ANSWERING DEFENDANT ALLEGES:**

That the plaintiff on the date and time of the accident in question assumed the risk for the conduct in which she was engaged.

**AS AND FOR AN EIGHTH, SEPARATE, DISTINCT**
**AND COMPLETE AFFIRMATIVE DEFENSE,**
**THE ANSWERING DEFENDANT ALLEGES:**

That the Complaint is wholly without merit and its

4

initiation is deemed frivolous conduct by this answering defendant.

**AS AND FOR A NINTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That, upon information and belief, if the defendant in fact, detained the plaintiff as alleged in the complaint, that the defendant detained the plaintiff under "reasonable grounds" and that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning.

With respect to any cause of action set forth in plaintiff's complaint based upon a claim of false arrest, false imprisonment, unlawful detention, defamation, assault, trespass, or invasion of civil rights, defendant, DUANE READE INC., pleads each and every defense as applicable, as set forth in the General Business Law of the State of New York, and in particular, Section 218.

**AS AND FOR A TENTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That if at the time and place alleged in the plaintiff's Complaint, there was any assault on the plaintiff by the answering defendant's agents, servants and/or employees, and if it should be determined at the time of trial that such assault was performed against the will of the plaintiff, then such assault was justified and/or provoked by the acts and conduct of the plaintiff and/or by the circumstances then and there prevailing.

**AS AND FOR A ELEVENTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That this action should be dismissed since all necessary and indispensable parties have not been joined in this action.

**AS AND FOR A TWELFTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

The plaintiff has failed to properly state a claim for punitive damages.

**WHEREFORE**, this answering defendant demands judgment dismissing the Complaint of the plaintiffs herein together with the costs and disbursements of this action.

_____
JOHN F. JANOWSKI
CHESNEY & MURPHY, LLP
Attorneys for Defendant
Office & P.O. Address
2305 Grand Avenue
Baldwin, New York 11510
(516) 378-1700

TO:  ALAN D. LEVINE, ESQ.
     Attorney for Plaintiffs
     Office & P.O. Address
     80-02 Kew Gardens Road
     Suite 1010
     Kew Gardens, New York 11415
     (718) 793-6363
     File No.: 2091

nk

6

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

       **NANCY KEANE**, being duly sworn deposes and says:

       That deponent is not a party to this action, is over 18 years of age, and resides in Putnam Valley, New York.

       That on the 21st day of April, 2008, deponent served the within **ANSWER** by transmitting same to the attorney for plaintiffs by electronic means to the telephone number or other station designated by the attorney for that purpose: **(718) 544-5703.**

       In doing so, I received a signal from the equipment of the attorney indicating that the transmission was received, and by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
Office & P.O. Address
80-02 Kew Gardens Road
Suite 1010
Kew Gardens, New York 11415

                               _____
                                   **NANCY KEANE**

Sworn to before me this
21st day of April, 2008.


_____
       **NOTARY PUBLIC**